1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   CARL B. JOHNSON,               1:11-cv-00207-AWI-DLB (HC)

10              Petitioner,     FINDINGS AND RECOMMENDATION
                            REGARDING RESPONDENT'S MOTION TO

11    v.                   DISMISS

12                            [Doc. 15]
    K. HARRINGTON,

13

14             Respondent.
    _____/

15

16        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

17   pursuant to 28 U.S.C. § 2254.

18                            BACKGROUND

19        In the instant petition for writ of habeas corpus on January 18, 2011, Petitioner challenges

20   a 2009 prison disciplinary decision as a violation of his federal due process rights.

21        Petitioner filed an administrative appeal at the first level of review, but it was screened

22   out as incomplete and again as untimely.  (Ex. 1 at Exs. J, M.)

23        On January 20, 2010, Petitioner signed a petition for writ of habeas corpus in the Kern

24   County Superior Court claiming that he was denied due process at the prison disciplinary hearing

25   related to the charge of indecent exposure.  The superior court denied the petition because

26   Petitioner failed to exhaust his administrative remedies, citing In re Dexter, 25 Cal.3d 921, 925

27   (1979); In re Muzalski, 52 Cal.3d 500, 508 (1975); Wright v. State, 122 Cal.App.4th 659 (2004).

28   Petitioner then filed a petition for writ of habeas corpus in the California Court of Appeal.  The

petition was summarily denied.  Petitioner finally filed a petition for writ of habeas corpus in the California Supreme Court.  The Court denied the petition, citing In re Dexter, 25 Cal.3d 921.

Petitioner filed the instant petition for writ of habeas corpus on January 28, 2011.  On April 12, 2011, Respondent filed a motion to dismiss the petition.  Petitioner filed an opposition on May 9, 2011, and Respondent filed a reply this same date.

DISCUSSION

I.    Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a failure to exhaust the administrative remedies and procedural default.  Therefore, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

II.   Exhaustion of Administrative Remedies

Prisoner's in state custody who wish to challenge collaterally in federal court either the fact or length of their confinement by a petition for writ of habeas corpus are first required to exhaust state judicial remedies by presenting the highest state available with a fair opportunity to rule on the merits of each and every issue they seek to raise in federal court.  28 U.S.C. § 2254(b), (c), Granberry v. Greer, 481 U.S. 129, 134 (1987); McNeeley v. Arave, 842 F.2d 230,

1  231 (9th Cir. 1988).  Petitioner bears the burden to demonstrate that he has exhausted the state

2  judicial remedies.  See Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).

3        To satisfy the exhaustion requirement, the federal claim must have been fairly presented

4  to the state's highest court through the appropriate procedures.  See Picard v. Connor, 404 U.S.

5  270, 275 (1971); Jackson v. Cupp, 693 F.2d 867, 869 (9th Cir. 1982).  A claim is not fairly

6  presented if the state's highest court does not reach the merits of a claim because of the

7  procedural context in which it was presented.  Pitchess v. Davis, 421 U.S. 482, 488 (1975);

8  Roettgen v. Copeland, 33 F.3d 36, 38 (1994).

9        In his opposition, Petitioner argues that his failure to exhaust and subsequent procedural

10  default was "the result of prejudice at every level of the state that refuse [sic] to consider the

11  claim for review."  (Opp. at 2.)  However, Petitioner failed to exhaust his claims because the

12  California Supreme Court did not reach the merits of the claims, but instead denied the habeas

13  petition for failure to exhaust the administrative remedies.  (Ex. 6, citing Dexter, 25 Cal.3d at

14  921.)  Dexter holds that "a litigant will not be afforded judicial relief unless he has exhausted

15  available administrative remedies."  In re Dexter, 25 Cal.3d at 925.  Therefore, Petitioner's

16  failure to comply with the prison's administrative remedies foreclosed any consideration of the

17  merits of the petition.

18  III.   Procedural Default

19        Respondent also argues that this Court is barred from reviewing Petitioner's claims.   A

20  federal court will not review claims in a petition for writ of habeas corpus if the state court

21  denied relief on those claims based on a state law procedural ground that is independent of

22  federal law and adequate to support the judgment.  Coleman v. Thompson, 501 U.S. 722, 750

23  (1991).  The doctrine is based on principles of comity and federalism.  Id. at 730.  Procedural

24  default will bar federal habeas corpus review so long as the state court "clearly and expressly

25  states that its judgment rests on a state procedural bar."  Harris v. Reed, 489 U.S. 255, 263

26  (1989).

27       A.   Denial on State Procedural Grounds

28        A federal court can only enforce a state procedural bar if the state court "declined to reach

1   the issue for procedural reasons." <u>Franklin v. Johnson</u>, 290 F.3d 1223, 1230 (9th Cir. 2002).

2   The California Supreme Court has stated that the requirement of exhaustion of administrative

3   remedies is a fundamental rule of procedure which applies to habeas corpus petitions.  <u>In re</u>

4   <u>Muszalski</u>, 52 Cal.App.3d 500, 503-508 (1975); <u>Abelleira v. District of Appeal</u>, 17 Cal.2d 280,

5   293 (1941).

6          In this case, the California Supreme Court clearly indicated that the petition was denied

7   on procedural grounds because Petitioner did not exhaust the administrative remedies.  (Ex. 6,

8   citing <u>Dexter</u>, 25 Cal.3d 921.)

9          B.      Procedural Ground Independent of Federal Law

10         "For a state procedural rule to be 'independent,' the state law basis for the decision must

11  not be interwoven with federal law."  <u>LaCrosse</u>, 244 F.3d at 704 (*citing* <u>Michigan v. Long</u>, 463

12  U.S. 1032, 1040-41, 103 S.Ct. 3469 (1983)); <u>Morales v. Calderon</u>, 85 F.3d 1387, 1393 (9th Cir.

13  1996) ("Federal habeas review is not barred if the state decision 'fairly appears to rest primarily

14  on federal law, or to be interwoven with federal law.'" (*quoting* <u>Coleman</u>, 501 U.S. at 735, 111

15  S.Ct. 2456)).   "A state law is so interwoven if 'the state has made application of the procedural

16  bar depend on an antecedent ruling on federal law [such as] the determination of whether federal

17  constitutional error has been committed.'" <u>Park</u>, 202 F.3d at 1152 (*quoting* <u>Ake v. Oklahoma</u>,

18  470 U.S. 68, 75, 105 S.Ct. 1087 (1985)).

19         Petitioner contends, without support, that the state law is interwoven with federal law.

20  However, California's administrative exhaustion requirement falls entirely under state law, as the

21  California Supreme Court has indicated that the exhaustion prerequisite does not rely on federal

22  law, but rather a long-established state rule.  <u>Dexter</u>, 25 Cal.3d at 925 (describing administrative

23  exhaustion requirement as a "general rule" and citing several California cases); <u>Muszalsi</u>, 52

24  Cal.App. 3d at 503 (describing requirement as "well settled as a general proposition"); <u>Edwards</u>

25  <u>v. Small</u>, No. 10-cv-918-JM (JMA), 2011 WL 976606 (S.D. Cal. Feb. 18, 2011) at *7-9

26  (administrative exhaustion is an independent state law procedural ground).  Thus, the state court

27  denied the petition on an independent state law ground.

28

C.     Adequacy of State Procedural Grounds

To be deemed adequate, the state law ground for decision must be well-established and consistently applied.  Poland v. Stewart, 169 F.3d 573, 577 (9th Cir. 1999) ("A state procedural rule constitutes an adequate bar to federal court review if it was 'firmly established and regularly followed' at the time it was applied by the state court.")(quoting Ford v. Georgia, 498 U.S. 411, 424, 111 S.Ct. 850 (1991)).  Although a state court's exercise of judicial discretion will not necessarily render a rule inadequate, the discretion must entail "'the exercise of judgment according to standards that, at least over time, can become known and understood within reasonable operating limits.'"  Id. at 377 (quoting Morales, 85 F.3d at 1392).

California's rule that an inmate must exhaust his administrative remedies is well-established and has been applied since 1941.  Abelleira, 17 Cal.2d at 292-293.  In addition, California courts have consistently applied this rule since Abelleira.  E.g., Dexter, 25 Cal.3d at 925; Muszalski, 52 Cal.App.3d at 503; In re Serna, 76 Cal.App.3d 1010, 1014 (1978); Humes v. Margil Ventures, Inc., 174 Cal.App.3d 486, 494 (1985); Wright v. State, 122 Cal.App.4th 659 (2004).  Therefore, this procedural ground is adequately applied and bars federal review in this Court.

D.     Miscarriage of Justice

If the court finds an independent and adequate state procedural ground, "federal habeas review is barred unless the prisoner can demonstrate cause for the procedural default and actual prejudice, or demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice."  Noltie v. Peterson, 9 F.3d 802, 804-805 (9th Cir. 1993); Coleman, 501 U.S. at 750, 111 S.Ct. 2456; Park, 202 F.3d at 1150.  The Supreme Court has "not identified with precision exactly what constitutes 'cause' to excuse a procedural default."  Edwards v. Carpenter, 529 U.S. 446, 451 (2000).  However, "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."  Murray v. Carrier, 477 U.S. 478, 488 (1986).

1   Petitioner contends without any support that his constitutional rights were violated which

2   resulted in a fundamental miscarriage of justice.  Petitioner has failed to show that some external

3   factor was the cause for his failure to utilize the administrative appeals process.   Accordingly,

4   the instant petition is barred by the doctrine of procedural default.

5                                                RECOMMENDATION

6        Based on the foregoing, it is HEREBY RECOMMENDED that:

7   1.        Respondent's motion to dismiss the instant petition for failure to exhaust the

8             administrative remedies and as procedurally barred be GRANTED; and

9   2.        The Clerk of Court be directed to dismiss the petition and terminate this action in

10            its entirety.

11       This Findings and Recommendation is submitted to the assigned United States District

12  Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the

13  Local Rules of Practice for the United States District Court, Eastern District of California.

14  Within thirty (30) days after being served with a copy, any party may file written objections with

15  the court and serve a copy on all parties.  Such a document should be captioned "Objections to

16  Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served

17  and filed within fourteen (14) days after service of the objections.  The Court will then review the

18  Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that

19  failure to file objections within the specified time may waive the right to appeal the District

20  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

21       IT IS SO ORDERED.

22  **Dated:   May 11, 2011**              _____ **/s/ Dennis L. Beck** _____
                                          UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28